UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-CR-190-FDW

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ALLIE ELLINGTON | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the Government's request for an order of restitution to known victims of Defendant's criminal possession of child pornography. (Doc. Nos. 28, 34). The Government and Defendant have both submitted proposed schemes for determining restitution in this case. (Doc. Nos. 41, 42).

The United States originally sought $150,000 in restitution for each victim, (Doc. No. 28), followed by a request for joint-and-several restitution in the full amount of the victims' loss. (Doc. No. 34). The Court and the parties now have guidance from the Fourth Circuit in the recent decision United States v. Burgess, 684 F.3d 445 (4th Cir. 2012). Following the Burgess decision, the Court ordered additional briefing, and the government now seeks to apply a "divisor approach." (See Doc. No. 41, p. 1). Under this approach, the Court is to divide the total losses of the victim, minus any losses that occurred prior to this Defendant's offense, and divide by the number of defendants who have been convicted and ordered to pay restitution as of the date of sentencing. The government asserts that this formula would provide a baseline figure that the Court could adjust up or down based on sentencing factors. (See id., p. 4).

While this solution is a step in the right direction, it poses substantial problems. First,

this scheme would result in the same baseline restitution number for each defendant, while different defendants may proximately cause different amounts of harm. See Burgess, 684 F.3d at 459 ("[I]ndividuals viewing [] video recordings inflict injuries at different times and in different locations. Therefore, those individuals cannot have proximately caused a victim the *same* injury.") (emphasis in original). For example, a Defendant who possessed thousands of images of a victim may cause more harm than a Defendant who possessed a single image. Likewise, a Defendant who distributed these images around the world might cause more harm than a Defendant who received and possessed an image. Furthermore, if the Court adjusts the restitution figure above the baseline number, there would have to be a mathematically sound reason for doing so. And even if there was such a reason, if every Court adjusts the baseline upwards, the victims could receive far more than their losses in recovery; likewise, if the baseline is adjusted downward, the victims may never fully recover for their injuries. The scheme also only covers the time between conviction of any certain defendant and that same defendant's sentencing. Subsequent to sentencing, the same image may be possessed by thousands more who are convicted of the same crime. While presumably injury to the victim would increase as well, there is no evidence that the injury would increase by the same proportion. While this scheme would result in a restitution figure that is somewhat reasonable, it would not result in a number that indicates the amount of injury Defendant proximately caused the victims.

In a footnote, the United States argues that the Court should subtract the money already collected by the victims from the total losses and use that amount as the numerator. In other words, the Court should assume that the amount already recovered is entirely from defendants convicted before Ellington and the full amount of the harm they proximately caused; however,

there is no basis in the record for such a conclusion. Applying this reasoning, the United States makes a restitution request of $2,170 for Vicky.[1]

Defendant proposes a different scheme. Defendant's proposal relies on the proposition that restitution should be apportioned among all those that committed the same act, not just those that were apprehended, convicted, and for which restitution was ordered. Under Defendant's plan, Defendant would be responsible for one (1) of the downloads of Vicky's image out of a total of 17,130 downloads calculated by Defendant. Likewise, Defendant would be responsible for one (1) of the assumed same number of downloads for Misty's images.[2] That would result in $58.67 in restitution for Vicky and $196.91 in restitution for Misty.

This solution poses its own problems. For one, the victims' harm did not entirely come from downloads. Other criminals distributed the images and another produced them. To assess the entirety of the victims' losses evenly among defendants would create a system in which no defendant, unless purely by chance, ends up paying the portion of the restitution they proximately caused.

Defendant admits that the figure calculated "likely overstates his actual culpability," and that it does not even account for the original abuser who abused the victims and filmed their exploitation. In Burgess, the Fourth Circuit adopted the reasoning set forth in United States v. Monzel, 641 F.3d 395 (D.C. Cir. 2011). See Burgess, 684 F.3d at 459 ("Accordingly, we . . . join the plurality of circuits in adopting the reasoning set forth in Monzel. We hold, therefore, that Burgess is only responsible for the losses sustained by Vicky that he proximately caused."). In Monzel, the Court granted a mandamus petition from a victim because the district court

---

[1] The United States did not delineate any figures for Misty.

[2] There is no evidence in the record of the amount of times Misty's images have been downloaded.

admitted the restitution award was smaller than the amount of harm suffered as a result of the Defendant's offense. See Monzel, 641 F.3d at 530 ("We grant her petition in part because the district court admitted the restitution award was smaller than the amount of harm she suffered as a result of Monzel's offense). By the same token, an award amount that is admittedly greater than a defendant owes would also violate the statute.

As a result, neither proposed scheme for restitution in this case is acceptable to the Court. The burden of proving the amount of restitution is on the government, 18 U.S.C. § 3664, and the government has not met that burden; however, the Court is required to award restitution in this case. See 18 U.S.C. § 2259(a) ("[T]he court *shall* order restitution for any offense under this chapter.") (emphasis added); 18 U.S.C. § 2259(b)(4)(A) ("The issuance of a restitution order under this section is mandatory."). While the Court is tempted to simply order nominal damages, the D.C. Circuit ruled in *Monzel* that nominal damages are not allowed under the statute if they understate the amount of harm suffered by the victim as a result of Defendant's offense. See Monzel, 641 F.3d at 530, 534 (D.C. Cir. 2011) (noting that the district court cannot grant what it called nominal damages of $5,000 if that amount is less than the actual amount of injury proximately caused by defendant); see also Burgess, 684 F.3d at 459 ("Accordingly, we . . . join the plurality of circuits in adopting the reasoning set forth in Monzel. We hold, therefore, that Burgess is only responsible for the losses sustained by Vicky that he proximately caused.")

The Court must come up with a reasonable, measured, and deliberate method for calculating how much injury this defendant proximately caused the victims in this case. While the restitution amount need not approach "mathematical precision," losses must be calculated with "some reasonable certainty." United States v. Doe, 488 F.3d 1154, 1160 (9th Cir 2007); see also United States v. Burgess, 684 F.3d at 460 (4th Cir 2012) ("While the district court is not required to justify any award with absolute precision, the amount of the award must have

sufficient factual predicate".). The restitution award cannot be the same for each defendant. See Burgess, 684 F.3d at 459 ("[I]ndividuals viewing [] video recordings inflict injuries at different times and in different locations. Therefore, those individuals cannot have proximately caused a victim the *same* injury.") (emphasis in original).

The Court therefore HEREBY ORDERS that the parties brief what evidence is needed to calculate a reasonable and accurate number for the amount of injury proximately caused by *this* Defendant. If expert testimony or expert reports are needed, the parties are HEREBY ORDERED to delineate what type of experts are needed and their availability. The parties shall both have fourteen (14) days from the issuance of this order to submit this supplemental briefing.

IT IS SO ORDERED.

Signed: September 26, 2012

Frank D. Whitney
United States District Judge